UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN DALE MANNING | CIVIL ACTION |
| VERSUS | NO. 06-5835 |
| CHERAMIE BROS. BO TRUC and U.S. COAST GUARD | SECTION C |

**ORDER**

On June 20, 2007, this Court granted plaintiff's motion to proceed in forma pauperis[1] on appeal of the judgment dismissing his case for failure to prosecute.[2] Plaintiff provided the required affidavit and documentation from the facility where he is currently incarcerated,[3] demonstrating that he has $0 in his account, and has had $0 deposited on an average monthly basis into his account for the past 6 months.[4] This order is issued to clarify that plaintiff is not required to prepay a portion of his fee under 28 U.S.C.A. § 1915 before his appeal can proceed.

BACKGROUND

The plaintiff filed the instant suit alleging a maritime action, under which he, as a merchant seaman, had suffered inadequate training, illegitimate recruitment, and unfair wages in addition to being a victim of conspiracy.[5] Although plaintiff is currently incarcerated, this suit has nothing to do with his incarceration, but rather has to do with actions commencing many years prior, beginning in the late 1970s. Plaintiff has filed approximately 14 complaints, comprising, as he characterizes it, his history of lifelong damages. Although some of the

---

[1] Fed. Rec. Doc. 33.
[2] Fed. Rec. Doc. 25, March 31, 2007.
[3] Alabama Dept. of Corrections, Holman Unit 3700, Dorm L-65, Atmore, Alabama 36503.
[4] Fed. Rec. Doc. 32, May 23, 2007.
[5] Fed. Rec. Doc. 1, August 31, 2006.

amended complaints are noted in the record as memoranda, status reports, or motions, each one is a continuation of his life story. Plaintiff claims he is allowed only a limited amount of paper, pencils, and stamps, forcing him to file his action in this piecemeal manner. The suit proceeded in the district court without plaintiff paying a filing fee because he alleged this was a seaman's action.[6] The Court dismissed the suit for failure to prosecute. After receipt of a notice of appeal,[7] noting that the filing fee had not been paid, the Court received plaintiff's motion to proceed in forma pauperis, which it granted.

ANALYSIS

According to the Federal Rules of Appellate Procedure, an incarcerated plaintiff must follow the procedures set forth in Rule 24 to be entitled to proceed in forma pauperis on appeal.[8] The issue before the Court is whether plaintiff must prepay a portion of his appeal fee, pursuant to the Prisoner Litigation Reform Act, since he is incarcerated.[9]

---

[6] Seamen's suits: In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor. 28 U.S.C.A. § 1916.

[7] Case no. 07-30393.

[8] (a) Leave to Proceed in Forma Pauperis. (1)Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court… (2)Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing. (3)Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action… may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-- before or after the notice of appeal is filed-- certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or (B) a statute provides otherwise. Federal Rules of Appellate Procedure Rule 24, 28 U.S.C.A.

[9] (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid 28 U.S.C.A. § 1915.

If plaintiff is allowed to proceed as a seaman under 28 U.S.C.A. § 1916, he is statutorily permitted to appeal without prepaying fees, as he did in the district court. If plaintiff must proceed under 28 U.S.C.A. § 1915, which provides that a plaintiff prepay the court-ordered assessment of 20% of the filing fee from his available prison account funds, followed by additional payments over time, then he is entitled to proceed in forma pauperis on appeal in this case. Under the conditions of 28 U.S.C.A. § 1915, the Court orders the assessment to be $0, as plaintiff has had no funds in his prison account for the past six months.

Accordingly, **IT IS ORDERED** that plaintiff is entitled to proceed in forma pauperis on appeal in the instant case without prepayment of any appeal fees.

New Orleans, Louisiana this 29th day of June, 2007.

HELEN G. BERRIGAN
U.S DISTRICT JUDGE